UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN BLACKSTOCK,<br><br>  Plaintiff,<br><br>  v.<br><br>MARIN LUXURY CARS LLC, et al.,<br><br>  Defendants. | Case No. 22-cv-07052-JD<br><br>**ORDER RE ARBITRATION** |

Plaintiff Lauren Blackstock sued her former employer, defendant Marin Luxury Cars LLC (Marin), after her employment was terminated in February 2022. Dkt. No. 1. She alleges sex discrimination and pregnancy discrimination under multiple statutes, including California's Fair Employment and Housing Act (FEHA). *Id*. Marin asks to send the case to arbitration pursuant to the Federal Arbitration Act and a mandatory arbitration agreement that Blackstock signed at the time of hiring. Dkt. No. 21. Blackstock opposes on the ground that the arbitration agreement is unconscionable. Dkt. No. 27. The agreement is enforceable, and the case is sent to arbitration.

## BACKGROUND

As alleged in the complaint, Blackstock was hired by Marin on August 14, 2020. Dkt. No. 1 ¶ 11. On September 3, 2020, Blackstock received a "stack of 'on boarding' documents," including a two-page "Binding Arbitration Agreement," which she signed. *Id*. ¶17. The agreement requires arbitration of "all disputes which may arise out of the employment context," except it "exclude[s]" from mandatory arbitration "claims brought under the California Private Attorneys' General Act, Cal. Lab. Code § 2698[.]" Dkt. No. 21-1 at 6. The agreement provides that it is "governed by the Federal Arbitration Act … and to the extent not inconsistent with the FAA, the procedures set forth in the California Code of Civil Procedure § 1280, et seq." *Id*.

**LEGAL STANDARDS**

The Court has detailed the standards governing a motion to compel arbitration under the FAA in several prior orders, which are incorporated here. *See Louis v. Healthsource Glob. Staffing, Inc.*, No. 22-cv-02436-JD, 2022 WL 4960666 (N.D. Cal. Oct. 3, 2022); *Williams v. Eaze Sols., Inc.*, 417 F. Supp. 3d 1233 (N.D. Cal. 2019). In pertinent part, the Court's role under Section 4 of the FAA "'is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue.'" *Cornet v. Twitter, Inc.*, No. 3:22-cv-06857-JD, 2023 WL 187498, at *1 (N.D. Cal. Jan. 13, 2023) (quoting *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004)). "If the party seeking to compel arbitration establishes both factors," the Court "'must order the parties to proceed to arbitration only in accordance with the terms of their agreement.'" *Id.* (quoting *Lifescan*, 363 F.3d at 1012). The validity and scope of an agreement to arbitrate are determined by the Court unless the parties clearly provide that those questions will be determined by the arbitrator. *Id.* at *2 (citing *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013)).

**DISCUSSION**

Blackstock's sole objection to arbitration is that the agreement is unconscionable. Dkt. No. 27 at 5–6. She acknowledges that she signed the agreement and does not dispute that her claims fall within its scope. The arbitration agreement did not delegate disputes about validity or enforceability to an arbitrator, and so the Court will decide the question of unconscionability.

**I.   UNCONSCIONABILITY**

To avoid arbitration, Blackstock must establish that the arbitration agreement is both procedurally and substantively unconscionable under California law. *See* Dkt. No. 21 at 19; Dkt. No. 27 at 11. *See also Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1000 (9th Cir. 2021).

**A.   Procedural Unconscionability**

Blackstock says the agreement is adhesive, and as a result, unfair. Dkt. No. 27 at 11. All arbitration agreements of the sort at issue here will have some degree of procedural concern because they allow for very limited or zero negotiation. *See OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 126 (2019). Blackstock states that she was forced to sign the arbitration agreement and that none

2

of its provisions were explained to her. Dkt. No. 27-1 (Blackstock Decl.) ¶¶ 10–11. Even so, that would not be enough to derail the agreement here. "[S]imply offering arbitration and other terms on a take-it-or-leave-it basis is not enough to find an agreement to arbitrate unenforceable." *Alonso v. AuPairCare, Inc.*, No. 3:18-CV-00970-JD, 2018 WL 4027834, at *3 (N.D. Cal. Aug. 23, 2018) (citing *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 915 (2015)).

Blackstock has not shown that the "circumstances of the contract's formation created such oppression or surprise that closer scrutiny of its overall fairness is required." *Kho*, 8 Cal. 5th at 126. The record does not demonstrate the type of "oppression" or "surprise" that could invalidate the agreement. Unlike the provision in *Kho*, the Marin agreement was presented in a readable format and in readily comprehensible language. *See Quiroz v. ADS-Myers, Inc.*, No. 20-CV-01755-JD, 2021 WL 4453579, at *5 (N.D. Cal. Sept. 29, 2021). It expressly stated in bold and italics above the signature block: "***EMPLOYEE UNDERSTANDS THAT BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH EMPLOYEE AND THE COMPANY GIVE UP OUR RIGHTS TO TRIAL BY JURY***." Dkt. No. 21-1. at 7. Blackstock acknowledges that she "took care to read" the agreement before signing. Dkt. No. 27-1 ¶ 10. In these circumstances, a meaningful degree of procedural unconscionability cannot be found.

### B. Substantive Unconscionability

Even if a high measure of procedural unfairness were present, which is not the case, an agreement will be invalidated only if there is some degree of substantive unconscionability as well. *Kho*, 8 Cal. 5th at 130; *Sanchez*, 61 Cal. 4th at 915. That is also missing here.

The parties agree that the substantive unconscionability inquiry is governed by the California Supreme Court's decision in *Armendariz*. *See* Dkt. No. 21 at 20; Dkt. No. 27 at 9. There, the court concluded that agreements to arbitrate claims for FEHA violations must meet certain minimum standards of fairness. *Armendariz v. Found. Health Psychcare Servs.*, Inc., 24 Cal. 4th 83, 101–102 (2000). Under *Armendariz*, an arbitration agreement is "lawful if it (1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or

expenses as a condition of access to the arbitration forum." *Armendariz*, 24 Cal. 4th at 102 (quotations and citation omitted).

### 1. Discovery

Blackstock says the Marin agreement fails to satisfy factors 2–5 in *Armendariz*, but the record demonstrates otherwise. To start, Blackstock says the agreement does not provide for sufficient discovery to vindicate her FEHA rights. Dkt. No. 27 at 16. This is an odd argument, because the agreement expressly incorporates "all" of the California Arbitration Act's "mandatory and permissive rights to discovery," including "section 1283.05." Dkt. No. 21-1 (citing Cal. Code Civ. Proc. § 1283.05). Blackstock takes issue with the fact that Section 1283.05 does not guarantee her the right to take any particular number of depositions. Dkt. No. 27 at 16. This oblique attack on the California Arbitration Act is foreclosed by *Armendariz* itself, which affirms that Section 1283.05 provides "[a]dequate provisions for discovery" for a FEHA claim. *Armendariz*, 24 Cal. 4th at 105.

### 2. Written Award

Blackstock says that because the agreement is governed by the FAA, "the sort of review of an award in a statutory discrimination case, as contemplated by … *Armendariz* is not possible." Dkt. No. 27 at 15. Blackstock misreads *Armendariz*. That case does not hold that agreements to arbitrate FEHA claims must provide for substantive judicial review of an award, in contravention of the FAA; it holds that such agreements may not "preclude[]" an arbitrator from issuing written findings. *Armendariz*, 24 Cal. 4th at 107. An agreement that is *silent* about written findings does not preclude them, and it will not be invalidated on that basis. *See id*. ("[T]o the extent it applies to FEHA claims the agreement must be interpreted to provide for such findings.").

### 3. Remedies

In a similar vein, Blackstock says that the agreement is unconscionable because it is "silent" about the remedies available in the arbitral forum. *See* Dkt. No. 27 at 15–16. The point is not well taken, mainly because the agreement does not "limit statutorily imposed remedies," which is all that California law requires. *Armendariz*, 24 Cal. 4th at 103.

4

### 4. Fees/Costs

Blackstock takes issue with the agreement's "silen[ce]" about who will be on the hook to pay for arbitration. Dkt. No. 27 at 16. Even so, she acknowledges that California law requires the employer to pay arbitration costs when an agreement does not address that issue. Dkt. No. 27 at 16 (citing *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1082 (2003)). Because of this default rule, "[t]he absence of specific provisions on arbitration costs [is not] grounds for denying the enforcement of an arbitration agreement." *Armendariz*, 24 Cal. 4th at 113.

## II. PAGA CLAUSE

Blackstock says in closing that the agreement's "PAGA waiver" is unconscionable and unenforceable. Dkt. No. 27 at 17. *See* Dkt. No. 28 at 9. The point of this objection is elusive. Blackstock did not allege a PAGA claim. In addition, the agreement expressly provides that PAGA claims are exempted from arbitration. *See* Dkt. No. 21-1 at 6 ("The only claims excluded from this agreement are … claims brought under the Private Attorneys' General Act….").

## CONCLUSION

Blackstock's claims are ordered to arbitration in accordance with the FAA and the procedures in California Code of Civil Procedure §§ 1280, et seq. This action is dismissed.

**IT IS SO ORDERED.**

Dated: September 12, 2023

JAMES DONATO
United States District Judge